```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
HERBERT M. RADER,

                    Plaintiff,
                                            ORDER
         -against-                          10-CV-6035(JS)(ARL)

PLAN ADMINISTRATOR FOR THE
COMPREHENSIVE MEDICAL PLAN OF THE
DUN & BRADSTREET CORPORATION,

                    Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:      Herbert M. Rader, Pro Se
                    120 Morris Avenue, #C15
                    Rockville Centre, New York 11570

For Defendants:     No appearances
```

SEYBERT, District Judge:

Pro se plaintiff Herbert M. Rader ("Plaintiff") filed a Complaint in this Court pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 et seq. and New York common law against defendant Plan Administrator for the Comprehensive Medical Plan of the Dun & Bradstreet Corporation ("Defendant"), alleging that the Defendant has failed to pay benefits for medical claims Plaintiff allegedly submitted for reimbursement.  Plaintiff seeks to recover $100,000.00 plus interest and legal fees.  Accompanying the Complaint is an application to proceed in forma pauperis pursuant to 42 U.S.C. § 1915.  For the reasons that follow, Plaintiff's request to proceed in forma pauperis is DENIED.

DISCUSSION

To qualify for in forma pauperis status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339, 69 S. Ct. 85, 93 L. Ed. 43 (1948) (internal quotation marks and citations omitted). "The purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system." Davis v. NYC Dept. of Educ., 10-CV-3812 (KAM), 2010 WL 3419671, at *1 (E.D.N.Y. August 27, 2010) (citing Gregory v. NYC Health & Hospitals Corp., 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies for IFP status is within the discretion of the district court. DiGianni v. Pearson Educ., 10-CV-0206 (RJD)(LB), 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing Choi v. Chemical Bank, 939 F. Supp. 304, 308 (S.D.N.Y. 1996)).

Here, the financial declaration submitted by Plaintiff indicates that he has $93,000 in his savings account, $5,000.00 in his checking account and receives a monthly pension payment of $1,528.00 as well as monthly Social Security benefits of $1,252.00 for himself and $537.00 for his spouse. (Rader Decl. at ¶¶ 3-4). Plaintiff's listed expenses total approximately $3,277.39 per

month.  (Id. at ¶¶ 7-8).  Given Plaintiff's liquid assets, the Court finds that Plaintiff is able to pay the $350 filing fee to commence this action.  Though the Court is sympathetic to Plaintiff's situation, Plaintiff's declaration establishes that he can pay the $350 filing fee and still provide himself with the necessities of life.  Adkins, 335 U.S. at 339.  Accordingly his request to proceed in forma pauperis is DENIED.  Plaintiff is directed to pay the $350 filing fee within ten (10) days of the date of this Order or the action will be dismissed.

The Court certifies pursuant to 28 U.S.C. 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   January  5 , 2011
         Central Islip, New York